IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 14-06783-5-SWH |
| | ) | |
| Sarah Baxter Hill | ) | CHAPTER 13 |
| SSN: XXX-XX- 1131 | ) | |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

### RESPONSE TO DEBTOR'S OBJECTION TO CLAIM

**COMES NOW** Seneca Mortgage Servicing as servicer for Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its individual capacity, but solely as Legal Title Trustee ("SMS"), by and through its undersigned attorney and in response to *Debtor's Objection to Claim* alleges and says:

1. On or about April 6, 2015 SMS filed a Proof of Claim in this case detailing an arrearage of $129, 056.75 and an indebtedness of $190,562.89. (*See*, Court Claim No.7.)

2. SMS alleges and says that the Proof of Claim filed in this case is correct as filed and is in compliance with applicable law, to include but not limited to the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the United States Bankruptcy Code.

3. On or about May 22, 2015, the Debtor filed an objection to SMS's claim. The Debtor alleges that the arrearage contained in SMS's Claim is overstated and the fees in the Claim were not properly assessed.

4. Upon information and belief the previous servicer, Franklin Credit Management Corporation ("FCMC"), filed a Proof of Claim in the previous bankruptcy, case no 12-80406, listing an arrearage of $93,923.59 (*see,* court claim no. 7). An objection to the Proof of Claim was not filed prior to the dismissal of the case which was a result of the Debtor's failure to make plan payments; the Trustee only received enough funds to disburse two (2) payments to SMS. A true and correct copy is herein and incorporated as Exhibit "A" and "B"

5. On or about November 18, 2014 FCMC sent a payoff letter to the debtor stating the loan was contractually due for April 20, 2007 and the amount to pay the loan in full was $188,354.84 which included a principal balance of $69,555.74, leaving $119,799.10 for interest, fees and delinquent payments. A true and correct copy is herein and incorporated as Exhibit "C".

6. On or about November 28, 2014 the loan was transferred from FCMC to SMS.

7. SMS alleges and states that the statement sent to the Debtor contained incorrect information as it listed the total amount due to be $21,362.74. SMS states there was a system error in the pulling of the figures to the statement which resulted in the system only pulling the escrow portion of the total amount due not the principle and interest.

8. Upon information and belief SMS states that no violation of N.C. Genn. Stat. §45-91 has occurred. As defined in N.C. Genn. Stat. § 45-36.4 (1a) a borrower is defined as, "a person primarily liable for payment or performance of the obligation secured by the real property described in a security instrument." As such SMS is not obligated to send notice to the Debtor.

9. Further, SMS alleges and says that the Debtor in this case fails to present any evidence to which rebuts the presumption of validity of SMS's prepetition arrearage and therefore the objection should be overruled. The Debtor has not provided any substantial evidence supporting the allegation that SMS violated N.C. Gen. Stat. § 45-91. Instead the objection merely assumes SMS violated the subject statute.

10. If any violation of Article 45 did occur, SMS maintains that such a violation was not intentional or the result of bad faith.

11. SMS requests this matter be set for hearing.

8. SMS reserves the right to allege further defenses and responses on or before the hearing of the Debtor's Objection.

**WHEREFORE**, Seneca Mortgage Servicing as servicer for Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its individual capacity, but solely as Legal Title Trustee respectfully prays the Court:

1. That it be given an opportunity to be heard on the Debtor's Objection;

2. That the Debtor's objection be denied; and

3. That SMS be awarded reasonable fees and costs for its defense of this matter; and

4. For such other and further relief as the Court deems just and proper.

This, the 24th day of June 2015.

HUTCHENS LAW FIRM

BY:   /s/: S. Troy Staley
       S. TROY STALEY
       Attorney for Seneca Mortgage Servicing
       4317 Ramsey Street
       Post Office Box 2505
       Fayetteville, North Carolina 28302
       (910) 864-6888/ (910) 864-6177 *fax*
       State Bar No.  43229

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date this Response to Debtor's Objection to Proof of Claim was served upon the following parties by depositing a copy enclosed in a postpaid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Parcel Service or via the appropriate electronic server.

Debtor:
Sarah Baxter Hill
2611 S. Alston Avenue
Durham, NC 27713

Debtor's Attorney:
Travis Sasser
Via CM/ECF

Chapter 13 Trustee:
John F. Logan
Via CM/ECF

This, the 24th day of June 2015.

HUTCHENS LAW FIRM

BY:  /s/: S. Troy Staley
     S. TROY STALEY
     Attorney for Movant
     4317 Ramsey Street
     Post Office Box 2505
     Fayetteville, North Carolina 28302
     (910) 864-6888
     (910) 864-6177 fax
     State Bar No. 43229

EXHIBIT

A

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF NORTH CAROLINA | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: <br><br> Sarah B Hill ; | Case Number: <br><br> 12-80406 | |
|---|---|---|

**NOTE:** *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Wells Fargo Bank, N.A., as certificate trustee (not in its individual capacity but solely as certificate trustee), in trust for registered Holders of VNT Trust Series 2010-3

**COURT USE ONLY**

Name and address where notices should be sent:
Franklin Credit Management Corporation
P.O. Box 2301
Jersey City, NJ 07303-2301

[ ] Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):
Wells Fargo Bank, N.A., as certificate trustee (not in its individual capacity but solely as certificate trustee), in trust for registered Holders of VNT Trust Series 2010-3
PO Box 5147
Carol Stream, IL 60197-5147

Telephone number:                email:

[ ] Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $ 157,060.66

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

[x] Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: _____mortgage note_____
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: XXXXXX4042 | 3a. Debtor may have scheduled account as: <br><br> (See instruction #3a) | 3b. Uniform Claim Identifier (optional): <br><br> (See instruction #3b) |
|---|---|---|

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: [x]Real Estate [ ]Motor Vehicle [ ]Other
Describe:

Value of Property: $_____

Annual Interest Rate_10.82____% [ ]Fixed or [ ]Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ 93,923.59

Basis for perfection:_____

Amount of Secured Claim:   $ 157,060.66

Amount Unsecured:        $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

[ ] Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

[ ] Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

[ ] Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507 (a)(4).

[ ] Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

[ ] Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/11)

| |
|---|
| 7. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* |
| DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING |
| If the documents are not available, please explain: |

| 8. **Signature:** (See instruction #8) |
|---|
| Check the appropriate box. |
| [ ] I am the creditor.     [X] I am the creditor's authorized agent.     [ ] I am the trustee, or the debtor,     [ ] I am a guarantor, surety, indorser, or other codebtor. (Attach copy of power of attorney, if any.)     or their authorized agent.     (See Bankruptcy Rule 3005.) (See Bankruptcy Rule 3004.) |
| I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief. |
| Print Name:   Glenn Murphy |
| Title:        Senior Vice President-Default Servicing |
| Company:   Franklin Credit Management Corporation |
| Address and telephone number (if different from notice address above):          (Signature)          July 24, 2012 (Date) |
| Telephone number:                         email: |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (12/11)                                                                                                                    3

_____DEFINITIONS_____                                   _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

B 10 (Attachment A) (12/11)

## Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).

Name of debtor: __Sarah B Hill :__

Case number: ___12-80406__

Name of creditor: Wells Fargo Bank, N.A., as certificate trustee (not in its individual capacity but solely as certificate trustee), in trust for registered Holders of VNT Trust Series 2010-3

Last four digits of any number you use to identify the debtor's account: __XXXXXX4042__

### Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. Principal due

(1) $69,786.99

2. Interest due

| Interest rate | From mm/dd/yyyy | To mm/dd/yyyy | Amount |
|---|---|---|---|
| 11.125% | 01/20/2007 | 01/19/2008 | $7,869.40 |
| 10.82% | 01/20/2008 | 03/21/2012 | $31,916.34 |
| Total interest due as of the petition date | | | $39,785.74 |

Copy total here >

(2) + $39,785.74

3. Total principal and interest due

(3) $ 109,572.73

Escrow advance included in total claim: $40,982.81

## Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates incurred | Amount |
|---|---|---|
| 1. Late charges | 9/27/05-9/20/07, 11/6/07-4/20/12 | (1) $2,319.70 |
| 2. Non-sufficient funds (NSF) fees | | (2) $0.00 |
| 3. Attorney fees | 4/20/07, 5/28/08, 8/4/08, 9/17/10 ,12/20/10 | (3) $1,802.26 |
| 4. Filing fees and court costs | 9/17/10 | (4) $650.00 |
| 5. Advertisement costs | | (5) $0.00 |
| 6. Sheriff/auctioneer fees | | (6) $0.00 |
| 7. Title costs | 5/28/08 | (7) $225.00 |
| 8. Recording fees | 9/17/10 | (8) $295.00 |
| 9. Appraisal/broker's price opinion fees | | (9) $0.00 |
| 10. Property inspection fees | | (10) $0.00 |
| 11. Tax advances (non-escrow) | | (11) $0.00 |
| 12. Insurance advances (non-escrow) | | (12) $0.00 |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | | (13) $40,982.81 |
| 14. Property preservation expenses. Specify: | | (14) $0.00 |
| 15. Other. Specify: | Foreclosure costs - service 9/17/10, 4/25/11 | (15) $1,213.16 |
| 16. Other. Specify: | | (16) $0.00 |
| 17. Other. Specify: | | (17) $0.00 |
| 18. Total prepetition fees, expenses and charges. Add all of the amounts listed above. | | (18) $ 47,487.93 |

B 10 (Attachment A) (12/11)

## Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

Does the installment payment amount include an escrow deposit?

[ ] No

[X] Yes. Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with applicable nonbankruptcy law.

| | | |
|---|---|---|
| 1. Installment payments due | Date last payment received by creditor | 12/08/2008 |
| | Number of installment payments due | (1) 65 |
| 2. Amount of installment payments due | 6 installments @ 727.31 | $4,363.86 |
| | 6 installments @ 713.26 | $4,279.56 |
| | 12 installments @ 713.26 | $8,559.12 |
| | 18 installments @ 713.00 | $12,834.00 |
| | 6 installments @ 713.01 | $4,278.06 |
| | 6 installments @ 713.00 | $4,278.00 |
| | 6 installments @ 713.01 | $4,278.06 |
| | 5 installments @ 713.00 | $3,565.00 |

Total installment payments due as of the petition date $46,435.66       Copy total here > (2) $46,435.66

3. Calculation of cure amount

Add total prepetition fees, expenses, and charges          Copy total from Part 2 here >    + $ 47,487.93

Subtract total of unapplied funds (funds received but not credited to account)          - $ 0.00

Subtract amounts for which debtor is entitled to a refund          - $ _____

Total amount necessary to cure default as of the petition date          (3) $ 93,923.59

Copy total onto Item 4 of Proof of Claim form

Franklin Credit Management Corporation          Final
101 Hudson St 25 fl
Jersey City, NJ  07302
For Inquiries:  (800) 255-5897

Analysis Date:   March 23, 2012

Harry J Hill
2611 S Austin Ave                           Property Address:
Durham NC  27713                            2609 & 2611 S Alston Ave
                                            Durham, NC  27713

### Annual Escrow Account Disclosure Statement
### Account History

This is a statement of actual activity in your escrow account from Apr 2006 to July 2012.  Last year's anticipated activity
(payments to and from your escrow account) is next to the actual activity.  Bankruptcy filing date 3/21/2012.

| Payment Information | Current: | Effective Jul 20, 2012: | Escrow Balance Calculation | |
|---|---|---|---|---|
| Principal & Interest Pmt: | 727.31 | 713.00 ** | Due Date: | Feb 20, 2007 |
| Escrow Payment: | 0.00 | 231.24 | Escrow Balance: | (41,026.74) |
| Other Funds Payment: | 0.00 | 0.00 | Anticipated Pmts to Escrow: | 0.00 |
| Assistance Payment (-): | 0.00 | 0.00 | Anticipated Pmts from Escrow (-): | 43.93 |
| Reserve Acct Payment: | 0.00 | 0.00 | Anticipated Escrow Balance: | ($41,070.67) |
| Total Payment: | $727.31 | $944.24 | | |

** The terms of your loan may result in changes to the monthly principal and interest payments during the year.

| Date | Payments to Escrow Anticipated | Actual | Payments From Escrow Anticipated | Actual | Description | Escrow Balance Required | Actual |
|---|---|---|---|---|---|---|---|
| | | | | | Starting Balance | 0.00 | (3,924.93) |
| Apr 2006 | | | | 23,777.69 * | Escrow Disbursement | 0.00 | (27,702.62) |
| Jan 2007 | | 322.51 | | * | Escrow Only Payment | 0.00 | (27,380.11) |
| Mar 2009 | | | | 4,586.36 * | County | 0.00 | (31,966.47) |
| Oct 2009 | | | | 889.37 * | Forced Placed Hazard | 0.00 | (32,855.84) |
| Nov 2009 | | | | 41.83 * | Forced Placed Hazard | 0.00 | (32,897.67) |
| Dec 2009 | | | | 41.83 * | Forced Placed Hazard | 0.00 | (32,939.50) |
| Jan 2010 | | | | 41.83 * | Forced Placed Hazard | 0.00 | (32,981.33) |
| Mar 2010 | | | | 41.83 * | Forced Placed Hazard | 0.00 | (33,023.16) |
| Apr 2010 | | | | 41.83 * | Forced Placed Hazard | 0.00 | (33,064.99) |
| Apr 2010 | | | | 2,180.15 * | County | 0.00 | (35,245.14) |
| Apr 2010 | | | | 79.30 * | County | 0.00 | (35,324.44) |
| May 2010 | | | | 41.83 * | Forced Placed Hazard | 0.00 | (35,366.27) |
| Jun 2010 | | | | 41.83 * | Forced Placed Hazard | 0.00 | (35,408.10) |
| Aug 2010 | | | | 125.50 * | Forced Placed Hazard | 0.00 | (35,533.60) |
| Nov 2010 | | | | 2,166.74 * | County | 0.00 | (37,700.34) |
| Nov 2010 | | | | 71.30 * | County | 0.00 | (37,771.64) |
| Jan 2011 | | | | 41.00 * | Forced Placed Hazard | 0.00 | (37,812.64) |
| May 2011 | | | | 395.37 * | Forced Placed Hazard | 0.00 | (38,208.01) |
| Jun 2011 | | | | 43.93 * | Forced Placed Hazard | 0.00 | (38,251.94) |
| Aug 2011 | | | | 43.93 * | Forced Placed Hazard | 0.00 | (38,295.87) |
| Aug 2011 | | | | 43.87 * | Forced Placed Hazard | 0.00 | (38,339.74) |
| Oct 2011 | | | | 2,176.09 * | County | 0.00 | (40,515.83) |
| Oct 2011 | | | | 71.61 * | County | 0.00 | (40,587.44) |
| Nov 2011 | | | | 131.79 * | Forced Placed Hazard | 0.00 | (40,719.23) |
| Dec 2011 | | | | 43.93 * | Forced Placed Hazard | 0.00 | (40,763.16) |

Page 1

Franklin Credit Management Corporation                    Final
For Inquiries:   (800) 255-5897

Analysis Date:   March 23, 2012

Harry J Hill

### Annual Escrow Account Disclosure Statement
### Projections for Coming Year

This is an estimate of activity in your escrow account during the coming year based on payments anticipated to be made to and from your account.

| Date | Anticipated Payments | | Description | Escrow Balance | |
|---|---|---|---|---|---|
| | To Escrow | From Escrow | | Anticipated | Required |
| | | | Starting Balance | (41,070.67) | 1,355.08 |
| Jul 2012 | 231.24 | 43.93 | Forced Placed Hazard | (40,883.36) | 1,542.39 |
| Aug 2012 | 231.24 | 43.93 | Forced Placed Hazard | (40,696.05) | 1,729.70 |
| Sep 2012 | 231.24 | 43.93 | Forced Placed Hazard | (40,508.74) | 1,917.01 |
| Oct 2012 | 231.24 | 43.93 | Forced Placed Hazard | (40,321.43) | 2,104.32 |
| Nov 2012 | 231.24 | 43.93 | Forced Placed Hazard | (40,134.12) | 2,291.63 |
| Dec 2012 | 231.24 | 71.61 | County | (39,974.49) | 2,451.26 |
| Dec 2012 | | 2,176.09 | County | (42,150.58) | 275.17 |
| Dec 2012 | | 43.93 | Forced Placed Hazard | (42,194.51) | 231.24 |
| Jan 2013 | 231.24 | 43.93 | Forced Placed Hazard | (42,007.20) | 418.55 |
| Feb 2013 | 231.24 | 43.93 | Forced Placed Hazard | (41,819.89) | 605.86 |
| Mar 2013 | 231.24 | 43.93 | Forced Placed Hazard | (41,632.58) | 793.17 |
| Apr 2013 | 231.24 | 43.93 | Forced Placed Hazard | (41,445.27) | 980.48 |
| May 2013 | 231.24 | 43.93 | Forced Placed Hazard | (41,257.96) | 1,167.79 |
| Jun 2013 | 231.24 | 43.93 | Forced Placed Hazard | (41,070.65) | 1,355.10 |
| | $2,774.88 | $2,774.86 | | | |

(Please keep this statement for comparison with the actual activity in your account at the end of the escrow accounting computation year.)

Your escrow balance contains a cushion of $231.24. A cushion is an additional amount of funds held in your escrow balance to prevent the balance from becoming overdrawn when an increase in the disbursement amount occurs. Under Federal law, your lowest monthly balance should not exceed $462.48 or 1/6 of the anticipated payment from the account, unless your mortgage contract or State law specifies a lower amount. Your mortgage contract and State law are silent on this issue.

Your ending balance from the last month of the account history (escrow balance anticipated) is ($41,070.67). Your starting balance (escrow balance required) according to this analysis should be $1,355.08. This means you have a shortage of $42,425.75. Due to your recent bankruptcy filing, the shortage amount previously stated will be collected through your bankruptcy plan..

We anticipate the total of your coming year bills to be $2,774.86. We divide that amount by the number of payments expected during the coming year to obtain your escrow payment.

| New Escrow Payment Calculation | |
|---|---|
| Unadjusted Escrow Payment | 231.24 |
| Surplus Amount: | 0.00 |
| Shortage Amount: | Collected through Ch. 13 Plan |
| Rounding Adjustment Amount: | 0.00 |
| Escrow Payment: | $3,766.72 |

NOTICE: This letter is for informational purposes only. Our records indicate that your mortgage loan may be affected by a bankruptcy. If you have questions regarding your mortgage account plan, please contact your bankruptcy attorney or our office at (800)-255-5897.

Page 3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Proof of Claim has been served by first class mail on:

Brent Clifton Wootton, Esq.
Wootton and Wootton
3200 Croasdaile Dr.
Suite 504
Durham, NC 27705

Richard M. Hutson, II, Esq.
302 East Pettigrew St.
Suite B-140
P. O. Box 3613
Durham, NC 27702

July 26, 2012

_Alicia McNamee_
Alicia McNamee

Claim 28   **WELLS FARGO BANK NA**
P O BOX 5147
CAROL STREAM IL 60197
(000) 000-0000

(Use CTRL-P to

**EXHIBIT**

tabbies

B

Disbursements to this Claim

## CLAIM DETAIL

| Case Number | 1280406 |
|---|---|
| Creditor | WELLS FARGO BANK NA |
| Trustee's Claim Number | 28 |
| Court's Claim Number | |
| Claim Type | R - ARREARS-MORTGAGES/MOBILE HOMES (S) |
| Claim Filed Date | Thursday, July 26, 2012 |
| Mortgage Due Date | |

## CLAIM AMOUNTS

| | |
|---|---|
| Claimed Amount | $95,378.21 |
| Scheduled Amount | $0.00 |
| Amount Paid Outside | $0.00 |
| Monthly Payment | $1,644.45 |
| Principal Owed | $94,440.35 |
| Principal Paid | $937.86 |
| Principal Due | $55,514.97 |
| Interest Rate | 0.00 |
| Interest Paid | $0.00 |
| Interest Due | $0.00 |
| Collateral Value | $0.00 |
| Collateral Description | |
| Limit | $0.00 |
| Plan Code | $0.00 |
| Percent Allowed | 100.00 |
| Months to Calculate | 0.00 |

## CLAIM FLAGS

| Payee Level | 23 |
|---|---|
| Comment | ARREARS/1ST DEED/TRUST (RES) |
| Account Number | 4042 |
| No Cost | |
| No Check | |
| Delete | |
| Stop Disbursement | |
| Continuing | |
| Special | |

## CREDITOR INFORMATION

| Creditor Name | WELLS FARGO BANK NA |
|---|---|
| Address 1 | P O BOX 5147 |
| Address 2 | |
| Address 3 | CAROL STREAM IL |
| Zip Code | 60197-5147 |
| Contact Name | |
| Phone Number | (000) 000-0000 |
| Creditor Number | |
| ShortCut | |

| Additional Names and Addresses | Date of Last Change |
|---|---|
| WELLS FARGO BANK | |



## PAYMENT HISTORY FOR CLAIM 28 - WELLS FARGO BANK NA

(Latest Payments First)          Insurance-          Prev. Cred-

| Disb Date | Check Number | Payee Name | Type | Amount |
|---|---|---|---|---|
| 8/31/2012 | 889090 | WELLS FARGO BANK NA | AMOUNT DISBURSED TO CREDITOR | $396.33 |
| 7/31/2012 | 886562 | WELLS FARGO BANK NA | AMOUNT DISBURSED TO CREDITOR | $541.53 |

Claim 28

| | | |
|---|---|---|
| Payee: | NA • P O BOX 5147 • CAROL STREAM • IL • 60197 | 7/~J/2012 |
| Scheduled: | WELLS FARGO BANK NA • P O BOX 5147 • CAROL STREAM • IL • 60197 | 7/30/2012 |
| Notice: | WELLS FARGO BANK NA • P O BOX 5147 • CAROL STREAM • IL • 60197 | 7/30/2012 |
| Attorney for Creditor: | WELLS FARGO BANK NA • P O BOX 5147 • CAROL STREAM • IL • 60197 | 7/30/2012 |

## PAYEE FIELDS DESCRIPTIONS

**No Cost**   A "Y" in this field indicates the system will not calculate trustee fees on disbursements to this claim.

**No Check**   Code which indicates the claim should not be paid or will limit the amount the claim is paid. The valid options are as follows:

- **O**   Indicates claim is to be paid outside the plan.
- **R**   Indicates claim is to be paid at Real Estate Closing.
- **S**   Indicates collateral will be surrendered.
- **X**   Indicates claim has not been filed.
- **Y**   General no check
- **1-9**   Limits the disbursement to this number times the regular monthly payment

**Delete**   A "Y" in this field indicates the claim has been deleted from the plan without actually removing the record. L in this field indicates the claim is to be paid per capita rather than pro rata. This field is normally used for adequate protection claims by indicating an "A" in this field. An "E" is used to flag this claim for "Hard" reserve if using this feature.

**Reserve**   Code indicating that disbursements are to be calculated for this claim but reserve the funds rather than paying them out. The valid options are:

- **H**   Calculated disbursements are reserved until they meet or exceed the regular payment amount for the claim.

- **M**    Calculated disbursements are reserved for one disbursement.
- **Y**    Calculated disbursements are reserved indefinitely.
- **1-9**    Calculated disbursements are to be reserved for this number of disbursement cycles. This number will decrease by 1 each disbursement cycle.

**Stop Disbursement**    Code which prevents the system from disbursing. However, the system will disburse any arrearage accumulated on this claim. Normally a "Y" is used for a generic stop disbursement. The numbers 1-9 will cause the system to not disbursement on this claim for this number of disbursement cycles. The number will decrease each disbursement cycle.

**Continuing Flag**    A "Y" in this field indicates this claim is a continuing debt such as an ongoing mortgage payment.

**Claim 1   WELLS FARGO BANK NA**
        P O BOX 5147
        CAROL STREAM IL 60197
        (000) 000-0000

(Use CTRL-P to Print this Page)
Close Window

## CLAIM DETAIL

| Case Number | 1280406 |
|---|---|
| Creditor | WELLS FARGO BANK NA |
| Trustee's Claim Number | 1 |
| Court's Claim Number | |
| Claim Type | C - ONGOING DEBT (S) |
| Claim Filed Date | Thursday, July 26, 2012 |
| Mortgage Due Date | |

## CLAIM AMOUNTS

| | |
|---|---|
| Claimed Amount | $0.00 |
| Scheduled Amount | $80,000.00 |
| Amount Paid Outside | $0.00 |
| Monthly Payment | $727.31 |
| Principal Owed | $0.00 |
| Principal Paid | $1,671.55 |
| Principal Due | $24,001.23 |
| Interest Rate | 0.00 |
| Interest Paid | $0.00 |
| Interest Due | $0.00 |
| Collateral Value | $0.00 |
| Collateral Description | |
| Limit | $0.00 |
| Plan Code | $0.00 |
| Percent Allowed | 100.00 |
| Months to Calculate | 0.00 |

## CLAIM FLAGS

| Payee Level | 18 |
|---|---|
| Comment | 1ST DEED/TRUST (RES):Ordered 09/10/2012 |
| Account Number | 4042 |
| No Cost | |
| No Check | |
| Delete | |
| Stop Disbursement | |
| Continuing | Continuing Debt |
| Special | |

## CREDITOR INFORMATION

| Creditor Name | WELLS FARGO BANK NA |
|---|---|
| Address 1 | P O BOX 5147 |
| Address 2 | |
| Address 3 | CAROL STREAM IL |
| Zip Code | 60197-5147 |
| Contact Name | |
| Phone Number | (000) 000-0000 |
| Creditor Number ShortCut | |

| Additional Names and Addresses | Date of Last Change |
|---|---|
| FRANKLIN CREDIT • | |

Disbursements to this Claim



## PAYMENT HISTORY FOR CLAIM 1 - WELLS FARGO BANK NA

(Latest Payments First)      Insurance-      Prev. Cred-

| Disb Date | Check Number | Payee Name | Type | Amount |
|---|---|---|---|---|
| 10/30/2012 | 891419 | WELLS FARGO BANK NA | CANCELLED CONTINUING DEBT PAYMENT/PRINCIPLE | ($31.16) |
| 9/30/2012 | 891419 | WELLS FARGO BANK NA | AMOUNT DISBURSED TO CREDITOR | $31.16 |
| 8/31/2012 | 889090 | WELLS FARGO BANK NA | AMOUNT DISBURSED TO CREDITOR | $727.31 |
| 7/31/2012 | 886562 | WELLS FARGO BANK NA | AMOUNT DISBURSED TO CREDITOR | $944.24 |

| | | |
|---|---|---|
| Payee: | ATTN MANAGING AGENT • INDIANAPOLIS • IN • 46262 | 3/23/2012 |
| | WELLS FARGO BANK NA • P O BOX 5147 • CAROL STREAM • IL • 60197 | 7/27/2012 |
| Scheduled: | FRANKLIN CREDIT • ATTN MANAGING AGENT • INDIANAPOLIS • IN • 46262 | 3/23/2012 |
| Notice: | FRANKLIN CREDIT • ATTN MANAGING AGENT • INDIANAPOLIS • IN • 46262 | 3/23/2012 |
| Attorney for Creditor: | FRANKLIN CREDIT • ATTN MANAGING AGENT • INDIANAPOLIS • IN • 46262 | 3/23/2012 |

## PAYEE FIELDS DESCRIPTIONS

**No Cost**     A "Y" in this field indicates the system will not calculate trustee fees on disbursements to this claim.

**No Check**    Code which indicates the claim should not be paid or will limit the amount the claim is paid. The valid options are as follows:

- **O**     Indicates claim is to be paid outside the plan.
- **R**     Indicates claim is to be paid at Real Estate Closing.
- **S**     Indicates collateral will be surrendered.
- **X**     Indicates claim has not been filed.
- **Y**     General no check
- **1-9**   Limits the disbursement to this number times the regular monthly payment

**Delete**      A "Y" in this field indicates the claim has been deleted from the plan without actually removing the record. L in this field indicates the claim is to be paid per capita rather than pro rata. This field is normally used for adequate protection claims by indicating an "A" in this field. An "E" is used to flag this claim for "Hard" reserve if using this feature.

| | |
|---|---|
| **Reserve** | Code indicating that disbursements are to be calculated for this claim but reserve the funds rather than paying them out. The valid options are: |

- **H**    Calculated disbursements are reserved until they meet or exceed the regular payment amount for the claim.
- **M**    Calculated disbursements are reserved for one disbursement.
- **Y**      Calculated disbursements are reserved indefinitely.
- **1-9**   Calculated disbursements are to be reserved for this number of disbursement cycles. This number will decrease by 1 each disbursement cycle.

| | |
|---|---|
| **Stop Disbursement** | Code which prevents the system from disbursing. However, the system will disburse any arrearage accumulated on this claim. Normally a "Y" is used for a generic stop disbursement. The numbers 1-9 will cause the system to not disbursement on this claim for this number of disbursement cycles. The number will decrease each disbursement cycle. |
| **Continuing Flag** | A "Y" in this field indicates this claim is a continuing debt such as an ongoing mortgage payment. |

EXHIBIT

tabbies

C


**FRANKLINCREDIT**
MANAGEMENT CORPORATION®

101 Hudson • Street Jersey City, NJ 07302
T 800-255-5897 • F 201-839-4512

November 18, 2014

Harry J Hill
2611 S Austin Ave
Durham NC 27713

Payoff figures have been requested on the loan for the borrower and property described below.
Loan ID:
Harry J Hill, xxx-xx-0414
2609 & 2611 S Alston Ave
Durham, NC 27713
Loan Type: Conventional

All payoff proceeds must be in the form of **guaranteed certified funds and must be payable to Franklin Credit Management Corporation.** When remitting funds, please use our loan number to insure proper posting and provide us with the borrower's forwarding address. **Funds received in this office after 12:00 noon will be processed on the next business day, with interest charged to that date. Payoffs submitted to an inappropriate address may be subject to additional interest, late charges and may be reported delinquent to all major credit agencies.**

| Express Payments / Over Night | Regular Mail |
|---|---|
| **BancTec Lockbox 13225** | **Franklin Credit Payoff Department** |
| **130 Clinton Rd, Suite 102** | **P.O. Box 13225** |
| **Fairfield, NJ 07004** | **Newark, NJ 07101-3225** |
| **201-593-5270** | |

All payoff figures are subject to clearance of funds in transit. The payoff is subject to final audit when presented. Any overpayment or refunds will be mailed out directly to the borrower. We will prepare the release of our interest in the property after all funds have cleared.

| | |
|---|---|
| Projected Payoff Date | 11/24/2014 |
| | |
| Principal Balance | $69,555.74 |
| Interest to 11/24/2014 | $57,958.00 |
| Fees | $13,661.35 |
| Prepayment Penalty | $0.00 |
| Release Fees | $ 25.00 |
| Funds owed by Borrower | $47,154.75 |
| Funds owed to Borrower | $0.00 |
| Total Payoff | $188,354.84 |
| | |
| Per diem | $ 20.62 |

The next payment due is 04/20/2007. Payments are made by Billing on a Monthly basis. The current interest rate is 11.1250% and the P & I payment is $ 727.31. The taxes are next due 12/11/2015

**If you have any questions, please call Customer Service at 1-800-255-5897.**

PO1
6/12/2015