

**SO ORDERED.**

**SIGNED this 4 day of January, 2016.**

*Stephani W. Humrickhouse*

**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 14-06783-5-SWH |
| | ) | |
| **Sarah Baxter Hill** | ) | CHAPTER 13 |
| SSN: XXX-XX- 1131 | ) | |
| | ) | |
| DEBTOR. | ) | |

### CONSENT ORDER RESOLVING DEBTOR'S OBJECTION TO CLAIM

**THIS CAUSE** coming before the Court upon the Debtor's Objection to Claim and Response filed by Seneca Mortgage Servicing as servicer for Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its individual capacity, but solely as Legal Title Trustee ("SMS"), and, it appearing that the parties have reached a compromise settlement of the issues in controversy prior to hearing of this matter and the Court finds the following:

1. On or about November 21, 2014 the Debtor filed a petition with the United States Bankruptcy Court for the Eastern District of North Carolina for relief under Chapter 13 of the United States Bankruptcy Code.

2. On or about April 6, 2015 SMS filed a Proof of Claim in this case detailing an arrearage of $129,056.75 and an indebtedness of $190,562.89. (*See*, Court Claim No.7.)

3. On or about May 22, 2015, the Debtor filed an Objection to SMS's claim alleging the arrearage contained in SMS's Claim is overstated and the fees in the Claim were not properly assessed.

4. SMS filed a response to the Objection on or about June 24, 2015 claiming its proof of claim is proper in all respects.

5. Debtor has been making her proposed Chapter 13 plan payments to the Chapter 13 Trustee, but SMS has not received any post-petition disbursements because the plan is not yet confirmed.

6. On June 4, 2015 and July 6, 2015, respectively, SMS filed Notice of Mortgage Payment Change ("NMPC") documents indicating that due to an escrow shortage the total amount of the monthly payments need to increase to $1,362.69 beginning with June 20, 2015. The parties acknowledge that the escrow shortage may be the result of SMS not receiving any post-petition disbursements yet from the Chapter 13 Trustee, and so, the apparent escrow shortage may be remedied through application of the terms of this consent order.

7. Debtor is now in the process of applying for a mortgage loan modification.

8. In an effort to avoid further costs and litigation in this matter, all parties have agreed to settle their differences under the terms and conditions set forth herein.

**NOW THEREFORE**, based upon the foregoing findings of fact and conclusions of law and with the consent of all parties, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Debtor's Objection to Claim is hereby conditionally resolved.

2. The Chapter 13 Trustee is authorized to disburse to SMS pre-confirmation adequate protection payments for the months of February 2015 through December 2015, during the Trustee's normal December disbursement cycle. A breakdown of the amounts is as follows:

    Payments        02/15 – 12/15            $1,112.51    x    11    =        $12,237.61

                                                                                      $12,237.61

3. The NMPC documents filed June 4, 2015 and July 6, 2015 are hereby disallowed without prejudice.

4. The Trustee is hereby ordered to continue disbursing adequate protection payments in the amount of $1,112.51, assuming adequate funds are available, beginning with the January 2016 disbursement cycle and continuing until such time as a Chapter 13 plan is confirmed, or otherwise notified by SMS through a NMPC, and then according to the terms of the confirmed plan or the NMPC.

5. During the pendency of the loan modification review process, and up to four (4) months following the entry of this order, the Chapter 13 Trustee will not disburse any separate funds on SMS's prepetition arrearage claim but the Debtor will continue to make the plan payment according to the terms of the proposed Chapter 13 plan;

6. If at any time the loan modification becomes final this Consent Order shall be considered a final order on the Debtor's Objection to Claim;

7. If the loan modification application is still pending in four (4) months from entry of this order, SMS's and/or the Debtor shall reset this matter for hearing to review the progress and status of the loan modification. At such time the parties may either (1) extend the period in which the Debtor will continue her efforts to obtain a loan modification or (2) the parties may proceed with the hearing on the Debtor's Objection;

8. This consent order does not negate the requirement of the Debtor or SMS to file a motion for approval of the loan modification with this Court. The loan modification will not take effect until said motion has been filed and granted by this Court, at its discretion and if granted, SMS shall amend its claim to be consistent with the terms of the loan modification;

9. The Trustee is hereby allowed and authorized, in accordance with the United States Bankruptcy Code and Local Rules of this district, to modify the Chapter 13 plan as necessary to facilitate the terms in this order.


 s/ S. TROY STALEY, ATTORNEY FOR
Seneca Mortgage Servicing as servicer for Residential
Mortgage Loan Trust 2013-TT2, by U.S. Bank National
Association, not in its individual capacity, but solely as
Legal Title Trustee


 s/ TRAVIS SASSER
TRAVIS SASSER, ATTORNEY FOR DEBTOR


NO PROTEST/NO OBJECTION

 s/ JOHN F. LOGAN
JOHN F. LOGAN, TRUSTEE

**This Order has been signed electronically.**          **United States Bankruptcy Court**
**The Judge's signature and Court's seal**
**Appear at the top of the Order**
                                        End of Document