

**SO ORDERED.**

**SIGNED this 8 day of March, 2017.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:

SARAH BAXTER HILL,                             CASE NO. 14-06783-5-SWH
                                               CHAPTER 13
    DEBTOR

### ORDER SETTING HEARING ON OBJECTION TO CLAIM AND DIRECTING AGENT OF PLANET HOME LENDING, LLC, TO APPEAR

    On February 22, 2017, the Court held a hearing on the Objection to Confirmation and Motion to Dismiss (Doc 15), filed by the Chapter 13 Trustee (the "Motion"), and the Debtor's Response (Doc 16) (the "Response"). The Debtor's counsel and the Trustee appeared. After hearing the statements of the parties and reviewing the record in this case, the Court finds and concludes as follows:

    1.    This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina.

    2.    The Motion relates to the feasibility of the Debtor's proposed Chapter 13 plan. Hearing on the Motion has been continued numerous times. The numerous continuances of the Motion appear to relate to a pending home loan modification application, but counsel for the Debtor was unable to inform the Court of the current status of the loan modification application. It appears to the Court that the outcome of the Debtor's efforts to obtain a loan modification will significantly impact the feasibility of the Debtor's unconfirmed Chapter 13 plan.

    3.    On May 22, 2015 the Debtor filed an Objection to Court Claim #7 (Doc 20) of Residential Mortgage Loan Trust 2013-TT2, by U.S. Bank National Association, not in its individual capacity, but solely as Legal Title Trustee, serviced by Seneca Mortgage Servicing, LLC ("Seneca"). Seneca filed a Response (Doc 23) to the Objection.

4.    On January 4, 2016 the Court entered a Consent Order Resolving Debtor's Objection to Claim (Doc 50) (the "Consent Order"). The Consent Order provided for the Chapter 13 Trustee to disburse pre-confirmation adequate protection payments to Seneca. The Consent Order also indicates that Seneca was in the process of reviewing the Debtor for possibly extending a modification of the terms for the residential loan secured by her residence.

5.    According to the Transfer of Claim (Doc 74) document filed October 26, 2016 the record in this case indicates that servicing of Court Claim #7 was transferred from Seneca to Planet Home Lending, LLC ("Planet Home").

6.    The Court finds and concludes that it has personal jurisdiction over Planet Home based on the Transfer of Claim filed in the case, Court Claim #7 that Planet Home now services, and the Consent Order on the Objection to Claim entered into by Planet Home's predecessor in interest.

7.    At paragraph 7 of the Consent Order decree, the Court provided that hearing on the Objection to Claim would be reset if the loan modification application remained pending in four (4) months from entry of the Consent Order. Up to this time Seneca, Planet Home, or the Debtor has not requested that the hearing on the Objection to Claim be reset. The Court cannot determine the status of the Debtor's loan modification application or why the delay exists in this process without hearing from a business agent of Planet Home.

Accordingly, it is hereby ORDERED as follows:

A.    that hearing on the Objection to Court Claim #7 (Doc 20) shall be set for March 23, 2017, to be held at 10:30 AM, or as soon thereafter as the Court may hear it, in the 2nd Floor Courtroom located in the U.S. Courthouse at 300 Fayetteville Street, Raleigh, N.C. 27602;

B.    that a business agent of Planet Home is directed to appear and testify at the hearing on March 23, 2017 to explain to the Court the status of the Debtor's loan modification application;

C.    that if a business agent of Planet Home fails to appear and testify at the hearing on March 23, 2017 the Court shall consider an appropriate measure of sanctions to award against Planet Home at that time; and

D.    that solely the appearance of counsel for Planet Home at the hearing on March 23, 2017 shall not be sufficient for Planet Home to comply with the terms of this Order.

**END OF DOCUMENT**